IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

GEORGE BRYANT,   )   NO.1:14-cv-01229

   Plaintiff,

                   )

v.

SHERRY LINDAMOOD,Warden;   )
CORRECTION CORPARATION OF AMERICA:
LIEUTENANT JORDAN; SERGENT AMOS; and   )
DERRICK SCHOFIELD,Commissioner;et.al.
                   )
   Resondents/ Defendants.

RECEIVED
OCT 1 3 2015
CLERK, U.S. DIST. COURT
WESTERN DIST. OF TENN

### —AMENDED §42 U.S.C. 1983 COMPLAINT

This cause is currently before this honorable Court upon this Court's September 9,2015,Order dismissing Plaintiff's first §1983 civil Rights Complaint,and granting Plaintiff leave to amend his complaint,and this Court's Order granting Plaintiff an additional 30 days on or about September 23,205,to amend his complaint.  Wherefore,Plaintiff Bryant submits the following amended complaint in accord to this Court's order upon a claim for failure to protect.

#### PARTIES:

1.Plaintiff's name is George Bryant.

2. Plaintiff is currently incarcerated in the Tennessee Department of Corrections TDOC No.464311.

3.Plaintiff is currently confined at the Northeast Correctional Complex.

4. Plaintiff's mailing address is P.O.Box 5000 Mountain City,TN 37683.

**RESPONDENTS:**

1. The Respondent Sherry Lindamood is the Warden at the Whiteville correctional Facility in Whiteville, Tennessee at 1140 Union Springs Road, Whiteville, Tennessee 38075.

2. The Respondent Correction Corporation of America **(CCA)** is a private corporation that performs a public function, such as contracting with the State of Tennessee to house state prisoners, and to provide for state prisoners safety.

3. Respondent Lieutenant Jordan is an officer at the Whiteville correctional Facility in Whitville, Tennessee at 1140 Union Springs Road, Whiteville, Tennessee 38075.

4. Respondent Sergent Amos is an officer at the Whiteville Correctional Facility in Whiteville, Tennessee at 1140 Union Springs Road, Whiteville, Tennessee 38075.

5. All Respondents are being sued in their individual and official capacity.

6. Respondent Sherry Lindamood will be herein referred to as "Responden Lindamood".

7. Respondent Correction Corporation of America will be herein referred to as "Respondent CCA".

8. Respondent Lieutenant Jordan will be herein referred to as "Respondent Jordan".

9. Respondent Sergent Amos will be herein referred to as "Respondent Amos".

10. Respondent Derrick Schofield will be referred to as "Respondent Schofield".

### STATEMENT OF FACTS AND CLAIMS:

1. The Plaintiff, George Bryant, during and through the events of his complaint, was at all times relevant an incarcerated State of Tennessee Department of Corrections inmate housed at the Whiteville correctional Facility at 1140 Union Springs Road, Whiteville, Tennessee 38075. Plaintiff brings this action claiming a violation of his Eighth and Foutteenth Amendment rights for the Respondents' failure to protect.

2. In the present case, the Plaintiff was a former **crip** gang member. Plaintiff wanted out of the gand and announced that he was leaving the gang. The **crips** told Plaintiff that he could not stay on the prisons' compounds'. That it was blood in and blood out, that the only way out was to be beat out.

3. On september 2, 2014, the plaintiff in fear for his life requested protective custody placement, he was placed pending a hearing, but his request was denied.

4. On september 3, 2014, Respondents Jordan and Amos with the Respondent Lindamood's permission, consent, knowledge. or directive, and approval placed a "close custody" inmate in plaintiff's cell who was a **crip** gang member who then assaulted Plaintiff.

5. Plaintiff bryant informed respondents Jordan and Amos that the "close custody" inmate was not suppose to be placed in the cell with him (a **minimum custody inmate**).

3

6. correctional Officer Sharp informed Respondents Jordan and Amos that the inmate placed in Plaintiff's cell was close custody inmate.

7. Inmate Terrence Feaster #491044 also informed Respondents Jordan and Amos that the inmate was close custody and that he was not suppose to be put in the cell with Bryant a minimum custody inmate.

8. Responden Amos proceeded to state,"Well they will have to deal with it and proceeded to put the "close custody" **"crip gang member"** in the cell with Plaintiff bryant.

9. Respondent Amos  placed the "close custody" **crip**  gang member in the cell with Plaintiff,uncuffed the inmate  who then proceeded to assault the Plaintiff.

10. respondent Amos observed as the "close custody" inmate who was a **crip** assaulted the Plaintiff,bursting the Plaintiff's head open in which Plaintiff was bleeding severely. However,Respondent Amos failed to hit any code to try and get the Plaintiff to safety.

11. It was not until the assault ended that Respondents Jordan and Amos tried to separate Plaintiff from his attacker.At no time during the assault upon Plaintiff dis Respondents provide safety or security for the Plaintiff.

12. It was due to respondent Sherry Lindamood's policy,custom,practice, permission,consent,knowledge,or directive,and approval to deny Plaintiff protective custody,and respondent Lindamood's permission,consent,knowledge, directive,custom,policy and practice to place a "close custody" inmate who was a **crip** in the cell  with a "minimum"custody  inmate who had announced  he was out of the gang and had requested protective custody.

## COMPLAINT:

The Plaintiff, George bryant, pro se, for his complaint against the Respondents, states as follows:

1. the Plaintiff, is currently a citizen of the State of Tennessee, and during and throughout his complaint, was incarcerated as a State of Tennessee department of Corrections inmate housed at the Whiteville correctional Facility at 1140 Union springs Road, Whiteville, Tennessee 38075.

2. Respondents are jointly and severely liable to the Plaintiff for all injuries and physical damage suffered and substained by the Plaintiff that were proximately caused by the respondents' negligence and deliberate indifference to his safety.

3. That the negligent and deliberate indifference acts of each respondent constituted gross and willful negligence and manifest a reckless, deliberate and wanton indifference to the value of human life and/or safety.

4. That in the case subjudice, Respondents are liable under the Eighth and Fourteenth Amendmends for denying safe conditions of confinement when they knew that the Plaintiff faced a substantial risk of serious harm, and failed to take reasonable mearsures to remedy the situation.

5. that there was a "sufficiently serious" deprivation of protection and safety to Plaintiff by the Respondents, and that the Respondents acted with a "sufficiently culpable state of mind".

6. That the Plaintiff was denied the minimal civilized measure of life's necessities by the Respondents, and each such deprivations were sufficiently grave to form the basis of an Eighth Amendment violation for failure to protect.

7. the respondents were negligent and exhibited deliberate indifference towards the Plaintiff's safety by failing to conduct a proper investigation and classification of the inmates involved,and for supporting the decisions of each other herein named. Such negligence and deliberate indifference constituted a violation of the Plaintiff's rights and constituted cruel and unusual punishment.

8. The Plaintiff suffered substantial injuries as a result of the respondents actions and neglect and deliberate indifference,to include,**ongoing headackes, Post-Tramatic-Post-Disorder,extreme mental anxiety,and paranoia.**

9. The unprovoked and unnecessary beating of Plaintiff on September 3,2014,violated his rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

10. The unprovoked and unnecessary ,and preventable beating of the Plaintiff by a "close custody" **crip** violated the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

11. refusual of respodent Lindamood to admit Plaintiff to the prisons protective custody unit constituted deliberate indifference to Plaintiff's safety and protection in violation of the Eighth Amendment of the United States Constitution.

12. Had respondents acted with diligence Plaintiff would have never been assaulted.The respondents new of the risk of harm,but failed to protect Plaintiff from that harm.

13. The Respondents were negligent and exhibited deliberate indifference towards the Plaintiff's safety by failing to conduct a proper investigation and classification of the inmates involved,and for supporting the decisions of each other herein named.Such negligent and deliberate indifference constututed a violation of the Plaintiff's rights and Constituted cruel and unusual punishment.

## ALL RESPONDENTS:

All Respondents stated were state actors under color of state law,and were personally involved in the alleged violations of the Plaintiff's constitutional rights.Each named respondents were directly responsible for all of the alleged events that gave rise to this action.said respondents acted pursuant to customes,policy,and practice,and in direct violation to established constitutional law,that violated Plaintiff's constitutional rights. Consequently,the named Respondents are liable to Plaintiff under the doctrine of respondent superior for their unlawful,unconstitutional custom,policy,and practices including but not limited to: (a) failure to trian its employees in the particular aspect of classification of protective custody,close custody,and minimum custody inmates,(b)failure to train employees how to properly screen inmates for custody and security classification status,and the custom,policy,and practice was the product of the deliberate indifference and closely related to and caused the Plaintiff's injury.

## RESPONDENT SCHOFIELD

1.Respondent Schofield is the Commissioner of the Tennessee Department of Corrections and responsoble for the over-all operations,security,and safety of all state inmates.

2.It is respondent Schofield's adopted custom,policy,and practice to direct the wardens and their staff to deny inmates protective custody,and to face inmates off protective custody.

2. it was Respondent Schofield's custom,policy,and practice of denying inmates request for protective custody that was the direct cause of Plaintiff being denied protective custody,that caused Plaintiff to having been assault.

## RELIEF SOUGHT

1. That the Respondents be required to answer this complaint within the time required by law.

2. That the Plaintiff is awarded a judgment against the Respondents jointly and severely, in their individual and official capacities, in the amount of **$75,000** in compensatory damages, punitive damages, and special damages for any present or future medical expenses resulting from Plaintiff's injury, which amount is not discernable at the present time due to any future medical complaints. Total sum of $75,000.

3. That the Court not dismiss his complaint until he has had an opportunity to complete discovery due to the fact that the documents needed to sustain Plaintiff's complaint are in the possession and control of the named respondents and/or the Tennessee department of corrections and/or the Northeast Correctional Complex where Plaintiff is currently incarcerated.

IT IS SO PRAYED.

                                      Respectfully submitted,

                                      _____
                                      George Bryant #464311

## PLAINTIFF'S VERIFICATION UNDER OATH SUBJECT UNDER PENALTY OF PERJURY

I do hereby certify under the penalty of perjury that the above/attached complaint is true and accurate to the best of my personal knowledge, information, memory and belief. That all statements made are made in sincerity.

Signed this the ___7___ day of ___October___, 2015.

Signature: _[signature]_ .

TDOC NO: __464311__ .

Address: northeast Correctional Complex 5249 Highway 67 West, P.O. Box 5000 Mountain City, Tennessee 37683.