# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 14-1229-JDT-egb |
| | ) | |
| LIEUTENANT JORDAN, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DISMISSING AMENDED COMPLAINT,
## CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
## AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On September 9, 2014, Plaintiff George Bryant ("Bryant"), an inmate at the Whiteville Correctional Facility ("WCF") in Whiteville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) After Bryant filed the necessary documentation (ECF No. 4), the Court issued an order granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.) On September 9, 2015, the Court issued an order that dismissed the complaint for failure to state a claim on which relief may be granted but granted leave to amend within thirty days. (ECF No. 12.) After being allowed an extension of time (ECF No. 15), Bryant filed an amended complaint on October 13, 2015 (ECF No. 16). Bryant reasserts his claims against all of the original Defendants: HCCF Lieutenant Jordan, HCCF Sergeant Amos, HCCF Warden Cherry

Lindamood and Corrections Corporation of America ("CCA"), which operates the HCCF. The Clerk shall record Derrick Schofield, Commissioner of the Tennessee Department of Correction ("TDOC"), as an additional Defendant.

## I. The Amended Complaint

In his amended complaint, Bryant alleges that on September 2, 2014, he requested protective custody placement due to his status as a former Crip gang member who had announced his intent to leave the gang; however, his request for protective custody was denied. (ECF No. 16 at 3.) On September 3, 2014, Defendants Jordan and Amos placed an inmate who was a "close custody," Crip gang member in Bryant's cell. (*Id*.) Bryant alleges that he informed Defendants Jordan and Amos that the close custody inmate was not supposed to be placed with him (a minimum custody inmate). (*Id*.) Bryant further alleges that Defendant Amos then watched as the close custody inmate assaulted Bryant, causing him injury. (*Id.* at 4.) Defendant Amos allegedly did not hit the code button to try to get Bryant to safety. (*Id*.) Bryant alleges that the policy of Defendant Lindamood allowed the placement of a close custody inmate with a minimum custody inmate. (*Id*.) Bryant seeks compensatory and punitive damages. (*Id.* at 8.)

## II. Analysis

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rules of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably

> meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it

would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

Bryant filed a nine-page, typed amended complaint pursuant to 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

In his amended complaint, Bryant has asserted new claims against Defendant Schofield and has elaborated somewhat on his claims against the original Defendants. However, he has failed to cure the deficiencies therein.

Bryant has no claim against Defendant Schofield in his official capacity. "[A] suit against a state official in his or her official capacity is not a suit against the official but

rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citation omitted). Any claims against Defendant Schofield in his official capacity are asserted against the State of Tennessee.

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Employees of Dep't of Pub. Health & Welfare v. Mo. Dep't of Pub. Health & Welfare*, 411 U.S. 279, 280 (1973); *see also Va. Office for Protection & Advocacy v. Stewart*, ___ U.S. ___, 131 S. Ct. 1632, 1638 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)). By its terms, the Eleventh Amendment bars all suits, regardless of the relief sought. *Pennhurst*, 465 U.S. at 100-01. Tennessee has not waived its sovereign immunity. Tenn. Code Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); Will, 491 U.S. at 71. Therefore, the claims against Defendant Schofield in his official capacity are barred.

Bryant's claims against Defendants Lindamood, Jordan and Amos in their official capacities are properly brought against their employer, CCA, which has also been named as a Defendant. However, the amended complaint fails to state a claim against CCA for the same reasons the claims against CCA in the original complaint were found to be deficient. (Order, ECF No. 12 at 6.) Bryant alleges, in a conclusory manner, that Defendant Lindamood's policy and custom resulted in the denial of Bryant's request for protective custody and the placement of a close custody inmate in the cell with him, leading to the assault. (ECF No. 16 at 4.) These added allegations are not sufficient to show that "a policy or well settled custom" of CCA was the "moving force" behind Bryant's alleged deprivation of rights. *See Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011).

Bryant's amended complaint also fails to state a claim against Defendants Lindamood and Schofield in their individual capacities for the same reasons stated with regard to Defendant Lindamood in the previous order. (Order, ECF No. 12 at 5-6.) Nothwithstanding the amended complaint's vague allegations that these Defendants failed to follow policy, Bryant does not sufficiently allege that either Lindamood or Schofield, through their own actions, violated Plaintiff's rights.[1]

Bryant's amended complaint provides no significant new allegations in support of his claims that Defendants Jordan and Amos failed to protect him from his fellow inmate.

---

[1] Plaintiff does not allege that either Lindamood or Schofield made the actual decision to deny his request for protective custody, as opposed to merely having supervisory responsibility over those who did.

Bryant again contends that Jordan and Amos were informed that a close custody inmate should not be placed with a minimum custody inmate. (ECF No. 16 at 3-4.) However, there is no allegation that either Jordan or Amos knew Bryant was a former crip gang member, knew the close custody inmate was a current crip gang member, or knew of any other reason Bryant would have been at risk of assault by the close custody inmate. Thus, there is no allegation that these Defendants knew of and disregarded an excessive risk to Bryant's safety. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

For the foregoing reasons, Bryant's amended complaint is subject to dismissal in its entirety for failure to state a claim on which relief may be granted.

III. Conclusion

The Court DISMISSES Bryant's amended complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2).

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Bryant in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in

good faith. Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Bryant would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Bryant nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, Bryant is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Bryant, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE